UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:15-cv-21072

JOSEPHINE CURTIN

    Plaintiff,

vs.

NCL (BAHAMAS) LTD., d/b/a NORWEGIAN CRUISE LINE

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, JOSEPHINE CURTIN, by and through her undersigned counsel, and sues the Defendant, NCL (BAHAMAS) LTD., d/b/a NORWEGIAN CRUISE LINE, (hereinafter referred to as "NORWEGIAN"), and alleges as follows:

1. The amount in controversy herein exceeds the sum of Fifteen Thousand dollars ($15,000.00) exclusive of interest and costs.

2. At all times material to this Complaint, the Plaintiff, JOSEPHINE CURTIN, was a resident of the State of New York.

3. At all times material to this Complaint, the Defendant, NORWEGIAN, had its principal place of business and registered agent in the State of Florida, located at 7665 Corporate Center Drive, Miami, FL 33126.

4. At all times material hereto, the Defendant, NORWEGIAN was otherwise authorized and operating its business in Miami-Dade County, Florida.

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C § 1332 (2012), because there is diversity of citizenship between the parties.

6. The United States District Court Southern District of Florida is the proper venue to adjudicate the dispute between the parties, pursuant to the "Cruise/Cruise Tour Ticket Contract."

7. The Plaintiff, JOSEPHINE CURTIN, has complied with all conditions precedent to maintaining this lawsuit.

8. That at all times material to this complaint, the Defendant, NORWEGIAN, conducts sailing cruises out of the Port of Miami in Miami-Dade County in State of Florida and was the owner and/or operator of a vessel known as the "Norwegian Sky."

9. On or about April 16, 2014, the Defendant, NORWEGIAN, was the owner of the vessel known as "Norwegian Sky."

10. On or about April 16 2014, the Defendant, NORWEGIAN maintained the vessel known as "Norwegian Sky."

11. On or about April 16 2014, the Defendant, NORWEGIAN controlled the vessel known as "Norwegian Sky."

12. On or about April 16 2014, the Defendant, NORWEGIAN operated the vessel known as "Norwegian Sky."

13. On or about the April 16, 2014, the Plaintiff, JOSEPHINE CURTIN, was a fare paying passenger on board the Defendant's vessel, "Norwegian Sky."

14. On or about the April 16, 2014, the Plaintiff, JOSEPHINE CURTIN, was caused to trip and fall by a dangerous, defective and hazardous ramp on the inside portion of door on the 6th floor of the Norwegian Sky used to enter and exit the indoor/outdoor area of the ship. The ramp, which caused the Plaintiff to fall, was short, incomplete, and failed to run the entire length and/or width of the entryway of the door, thereby creating the dangerous, hazardous and defective condition, which caused the Plaintiff, JOSEPHINE CURTIN to fall and suffer serious and permanent bodily injury.

15. Defendant, NORWEGIAN, by and through their agents, servants and/or employees owed all passengers onboard the vessel "Norwegian Sky," including the Plaintiff, JOSEPHINE CURTIN, a duty to provide a reasonably safe premises, a duty to exercise ordinary and reasonable

care in the maintenance of the vessel "Norwegian Sky" and in providing a reasonably safe environment to their passengers, including the Plaintiff.

16. That the Defendant, NORWEGIAN, their agents, servants, and/or employees breached the above-described duties of care by one or more of the following negligent acts:

    a. By negligently providing a ramp at the doorway used to enter and exit the inside and outside area of the Norwegian Sky on the 6th floor that did cover the entirety of the doorway, thereby creating a tripping hazard, which caused the Plaintiff, JOSEPHINE CURTIN to trip;

    b. By negligently installing a defective, dangerous and hazardous ramp in doorway that caused the Plaintiff, JOSEPHINE CURTIN to trip and fall;

    c. By negligently failing to warn of the dangerous and defective ramp that caused the Plaintiff, JOSEPHINE CURTIN tripped;

    d. By negligently failing to inspect the Norwegian Sky cruise ship to ensure the ramps at the doorway, specifically the ramp that caused the Plaintiff, JOSEPHINE CURTIN to fall was properly designed and installed;

    e. By negligently failing to have the proper ramp in the doorway that caused the Plaintiff fall;

    f. By negligently failing to provide a reasonably safe premises, specifically the ramp that failed to run the length and/or width of the doorway;  and/or

    g. Any other acts of negligence to be determined over the course of discovery.

17. On or about April 16, 2014, the Defendant, NORWEGIAN, knew and/or should have known of the dangerous, negligent and hazardous condition existing on the "Sky" vessel that caused the Plaintiff, JOSEPHINE CURTIN to fall, specifically the defective, hazardous and defective ramp that did not run the length of the doorway.

18. As a direct and proximate result of the negligence of the Defendant, NORWEGIAN,

JAY HALPERN AND ASSOCIATES, P.A., ATTORNEYS AT LAW
150 ALHAMBRA CIRCLE, SUITE 1100, CORAL GABLES, FL 33134
TEL. (305)445-1111 FAX (305)445-1169   TOLL FREE 1-877-529-6211   EMAIL: jay@jayhalpernlaw.com

Plaintiff JOSEPHINE CURTIN, was injured in and about her body and/or extremities and/or had an aggravation of a pre-existing condition; suffered pain suffering, physical handicap, expense of hospitalization, rehabilitation, nursing and home care, and other related expenses.  The Plaintiff suffered from disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life; and said injuries are either permanent or continuing in nature and the Plaintiff will continue to experience such losses and impairment into the future.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant, NORWEGIAN, for damages, together with interest and costs, and further demands a trial by jury on all issues so triable as a matter of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been sent via Electronic Mail and U.S. Mail to all parties on the attached Service list this **17th** of March, 2015.

s/ Ian D. Pinkert, Esquire
Ian D. Pinkert, Esq.
Fla. Bar No.: 84572
Jay Halpern and Associates, P.A.
150 Alhambra Circle, Suite 1100
Coral Gables, FL  33134
Telephone (305) 445-1111
Facsimile (305) 445-1169
*Attorneys for Plaintiffs*
